```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEDY PINTO, KATIA PINTO, and RANDY WINNER on behalf of themselves and other similarly situated,

           Plaintiffs,

v.

FELIDIA RESTAURANT, INC. and LIDIA BASTIANICH

           Defendants.

No. 12 Civ. 3730

[PROPOSED] STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for Plaintiffs and for Defendants, that:

1. Within fourteen (14) days of the date of this Order, Defendants will provide Plaintiffs' counsel with the names, positions, and last known addresses of every individual who has worked for Defendants, in any tipped service position, except as a sommelier, since June 22, 2009, in the electronic form of a Microsoft Excel spreadsheet; and,

2. Plaintiffs' counsel will send at their expense, the proposed Notice of Lawsuit ("Notice"), attached hereto as Exhibit A, to all individuals identified by Defendants as having worked, in any tipped service position, except as a sommelier, since June 22, 2009; and,

3. The tipped service employees who receive the proposed Notice, attached hereto as Exhibit A, shall have sixty (60) days from the date of the mailing of the Notice, to file the consent-to-join form attached to the proposed Notice of Lawsuit; and,

4. Defendants have agreed to post a copy of the Notice, attached hereto as Exhibit B ("Posting"), beside the front-of-house service employee schedules posted in Felidia for thirty (30) days, beginning the day after Defendants provide Plaintiffs' counsel with the spreadsheet referenced in paragraph 1 of this stipulation; and,

5. In exchange for Defendants agreeing to the Posting, Plaintiffs' counsel and those individuals under their control by contract or employment agree to refrain from communicating with the media (including but not limited to any websites, bloggers, electronic media, newspapers or magazines) regarding this lawsuit. If contacted by the media, Plaintiffs' counsel will simply respond "no comment" or words to that effect.

Dated: New York, New York
June 22, 2012

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Denise Schulman, Esq.

233 Broadway, 5th Floor
NYC, NY 10279
(212) 688-5640

FOX ROTHSCHILD LLP

By: _____
Carolyn D. Richmond, Esq.
Eli Freedberg, Esq.

100 Park Avenue
NYC, NY 10017
(212) 878-7970
*Attorneys for Defendants*

SO ORDERED
_____ 6-25-12
Hon. Paul A. Crotty

NY1 593089v2 06/21/12

# EXHIBIT A

# NOTICE OF LAWSUIT

**If you were a tipped employee (other than sommeliers) employed at Felidia within the last three (3) years, please read this notice. You may participate in the collective action portion of this lawsuit even if you previously signed a release of state law claims and received payment from Defendants.**

## A collective action lawsuit may affect your legal rights.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

- Kennedy Pinto, Katia Pinto, and Randy Winner, current and former employees of Felidia ("Plaintiffs") have sued both Lidia Bastianich and Felidia Restaurant, Inc. (together, the "Defendants"), claiming, among other things, that Defendants unlawfully took a "tip credit" by paying them less than the full minimum wage and overtime wage, withheld a portion of their tips, and failed to pay other wages required by law.

- Defendants deny that they have committed any wrongdoing and dispute the claims alleged in this lawsuit.

- The Court has not yet determined who is right and who is wrong.

- Your legal rights may be affected, and you have a choice to make now as to whether or not you wish to join this lawsuit

- Your options are explained in this notice. To ask to be included in the collective action portion of this lawsuit, you must act before _____ [insert 60 days from date notice is sent out] _____.

- It is illegal for Felidia to retaliate against you because you join this lawsuit. Felidia may not reduce your schedule, suspend you, terminate you, or reduce your rate of pay because you join this lawsuit.

2

### 1. Why did I get this notice?

You are getting this notice because the Defendants' records show that you work or worked at Felidia as a tipped employee (other than sommeliers) within the past three (3) years.

### 2. What is this lawsuit about?

This lawsuit is about whether the Defendants' compensation practices complied with federal and/or New York law. Plaintiffs allege that Defendants violated federal law by (1) taking a "tip credit" and paying tipped workers less than the required minimum wage, and; (2) withholding a portion of employees' tips as part of a "wine program," and (3) failing to pay employees overtime pay at the proper time-and-a-half overtime rate for each week in which they worked over 40 hours. A trial may be necessary to decide whether the claims being made against the Defendants are correct. The Honorable Paul Crotty, United States District Court Judge in the Southern District of New York, is overseeing this collective action. The lawsuit is known as *Pinto v. Felidia Restaurant, Inc.*, No. 12 Civ. 3730.

### 3. What is the Defendants' position?

The Defendants deny that they violated federal and New York law. Defendants maintain that the tip pool properly included sommeliers and deny that they withheld tips. Defendants further maintain that they were and are legally entitled to take a tip credit and have properly paid all members of the service staff their legally required minimum and overtime wages.

### 4. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit on behalf of others who have similar claims. All service employees, including servers, runners, bussers, back waiters, and bartenders, who worked at Felidia during the past three (3) years, and who decide to participate in the case are conditionally part of the "Collective" or "Collective Action Members" against Lidia Bastianich and Felidia Restaurant. One Court resolves the issues for everyone who decides to join the case.

If you choose to join this collective action, your continued right to participate in this lawsuit may depend on a later decision by the Court as to whether you and the Plaintiffs are similarly situated in accordance with applicable law and whether it is appropriate for this case to proceed as a collective action.

### 5. Why is this lawsuit a Conditional Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) in order to provide notice for Plaintiffs' claims that the Defendants unlawfully took a "tip credit" for the minimum wage and failed to pay overtime pay.

### 6. Has the Court decided who is right?

The Court has not decided whether the Defendants or the Plaintiffs are correct. By establishing the Collective Action and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

With respect to the federal claims to which this notice relates, Plaintiffs are seeking to recover minimum wages and overtime wages. Plaintiffs also are seeking to recover 100% (double) liquidated damages, attorneys' fees, and costs.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have worked as a tipped employee (other than sommeliers) at Felidia at any time during the last three years. You are not required to join this lawsuit, but may join if you choose to do so and are eligible.

### 9. Can I join this lawsuit if I signed a release and received payment from Felidia?

Yes. In or around May 2012, Felidia may have sent you a letter and confidential release offering you payment in exchange for releasing certain legal claims. The release did not apply to the Fair Labor Standards Act claims that are the subject of the collective action portion of this lawsuit.

### 10. I'm still not sure if I am included.

If you have any questions, you may contact Plaintiffs' attorneys:

> D. Maimon Kirschenbaum
> Denise A. Schulman
> Joseph & Kirschenbaum LLP
> 233 Broadway
> 5th Floor
> New York, NY 10279
> 212-688-5640
> denise@jhllp.com

### 11. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own lawsuit. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations.

4

### 12. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. While this suit is pending, you may be asked to provide documents or information relating to your employment or otherwise participate in written and/or oral discovery proceedings, including sitting for a deposition under oath, and/or testifying in a trial of this matter.

### 13. Does my immigration status matter?

Your immigration status does not affect your entitlement to recover back wages or to participate in this lawsuit.

### 14. How do I ask the court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form.** An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Denise Schulman**
**Joseph & Kirschenbaum LLP**
**233 Broadway**
**5th Floor**
**New York, NY 10279**

You can also fax the Consent to Join form to 212-688-5640 or scan and email it to denise@jhllp.com.

The signed Consent to Join form must be postmarked, emailed, or faxed by [60 days from mailing of this Notice]. **If your signed Consent to Join Form is not postmarked, emailed, or faxed by [60 days from mailing of the Notice], you may not be allowed to participate in the federal law portion of this lawsuit.**

### 15. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by D. Maimon Kirschenbaum, Denise Schulman, and other lawyers at Joseph & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279, www.jhllp.com. You have the right to consult with, or retain, any other lawyer of your choosing.

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNEDY PINTO, KATIA PINTO, and RANDY WINNER on behalf of themselves and other similarly situated,

        Plaintiffs,

v.

FELIDIA RESTAURANT, INC. and LIDIABASTIANICH
        Defendants.

No. 12 Civ. 3730

CONSENT TO JOIN

1. I consent to be a party plaintiff in this lawsuit in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Joseph & Kirschenbaum LLP to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____  _____
Signature                     Address (will not be publicly disclosed)

_____  _____
Full Legal Name (print)       City, State, Zip Code (will not be publicly disclosed)

_____  _____
E-mail address (will not be publicly disclosed)  Phone number (will not be publicly disclosed)

# EXHIBIT B

NY1 592644v1 06/21/12
NY1 593266v1 06/21/12

## THIS IS A COURT-AUTHORIZED NOTICE REGARDING A COLLECTIVE ACTION LAWSUIT AGAINST FELIDIA RESTAURANT, INC. AND LIDIA BASTIANICH FOR TIPPED EMPLOYEES (OTHER THAN SOMMELIERS) ONLY

- Three current and former Felidia tipped employees, Kennedy Pinto, Katia Pinto, and Randy Winner ("Plaintiffs"), have filed a collective action lawsuit against Felidia Restaurant, Inc. and Lidia Bastianich on behalf of all tipped employees (other than sommeliers) who worked at Felidia during the last three (3) years ("the Collective").

- A notice providing details of the lawsuit and explaining the process by which you may join the lawsuit will be mailed to you at the address you have provided to Felidia in connection with your employment.

- **You may join the lawsuit even if you previously signed a state law release and received payment from Felidia.**

- It is your choice whether or not to join the lawsuit.

- It is illegal for Felidia to retaliate against you by reducing your schedule, suspending you, terminating you, or reducing your rate of pay because you join this lawsuit.

- **Plaintiffs' attorneys are D. Maimon Kirschenbaum and Denise Schulman of Joseph & Kirschenbaum LLP and may be reached at 212-688-5640 or denise@jhllp.com.**

2



**Fox Rothschild** LLP
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Eli Z. Freedberg
Direct Dial: (212) 878-7970
Email Address: efreedberg@foxrothschild.com

June 22, 2012

**VIA E-MAIL**

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Pinto v. Felidia Restaurant, Inc.  12-cv-3730 (PAC)</u>

Your Honor:

This firm represents Defendants Felidia Restaurant, Inc. and Lidia Bastianich (collectively, "Defendants") in the above-referenced action. Following the conference held on June 12, 2012, the Court issued an order stating that "Counsel for plaintiffs was directed to submit a letter by 06/22/12 on the issues of (1) posting notice & (2) defendant's request for a gag order." Fortunately, the parties have reached a resolution of these issues and are attaching a proposed order: (1) authorizing the mailing of a notice of a Fair Labor Standards Act ("FLSA") lawsuit to Defendants' service employees who worked during the last three (3) years; (2) authorizing the posting of a notice of an FLSA lawsuit at Defendants' restaurant for thirty (30) days; and (3) memorializing Plaintiffs' counsel's agreement not to discuss this lawsuit with the media.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eli Z. Freedberg

cc:   D. Maimon Kirschenbaum, Esq. (via e-mail)
      Denise Schulman, Esq. (via e-mail)
      Michael Schmidt, Esq. (via e-mail)

NY1 593384v1 06/22/12

a Pennsylvania Limited Liability Partnership

California   Connecticut   Delaware   District of Columbia   Florida   Nevada   New Jersey   New York   Pennsylvania