# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KENNEDY PINTO, KATIA PINTO, and
RANDY WINNER on behalf of themselves
and other similarly situated,

                                     Index No. 12 Civ. 3730

                Plaintiffs,

    v.

FELIDIA RESTAURANT, INC. and LIDIA
BASTIANICH

                Defendants.
--------------------------------------------------------x

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

      This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they seek to represent (as hereinafter defined) and Defendants (as hereinafter defined).

### RECITALS

      WHEREAS, Plaintiffs Kennedy Pinto, Katia Pinto and Randy Winner filed a Class Action Complaint on May 10, 2012;

      WHEREAS, on June 25, 2012, upon stipulation of the Parties the Court conditionally certified the FLSA portion of this action as a collective action;

      WHEREAS, the Complaint asserted class claims under the New York Labor Law and collective claims under the Fair Labor Standards Act and sought recovery of, among other things, alleged unpaid overtime wages, unpaid minimum wages, unpaid spread-of-hours pay, unpaid misappropriated tips, liquidated damages, and attorneys' fees and costs;

      WHEREAS, Defendants denied and continue to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation;

      WHEREAS, Class Counsel (as hereinafter defined) has engaged in substantial discovery, including, but not limited to, interviewing numerous Plaintiffs and Class Members, reviewing hundreds of documents produced by Defendants, and analyzing time and payroll records;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined);

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1 **Agreement.** "Agreement" shall mean this Joint Stipulation of Settlement and Release.

1.2 **Class Counsel.** "Class Counsel" shall mean Joseph & Kirschenbaum LLP.

1.3 **Class Members.** "Class Members" shall mean all FLSA Opt-In Plaintiffs, all FLSA Settlement Plaintiffs, and all NYLL Class Members, as defined below.

1.4 **Court.** "Court" shall mean the United States District Court for the Southern District of New York, the Honorable Paul A Crotty presiding.

1.5 **Covered Period.** "Covered Period" shall mean the period from May 10, 2006 through the date that this Agreement is executed.

1.6 **Defendants.** "Defendants" shall mean Felidia Restaurant Inc. and Lidia Bastianich.

1.7 **Defendants' Counsel.** "Defendants' Counsel" shall mean Fox Rothschild LLP. For the purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Carolyn Richmond and Eli Freedberg of Fox Rothschild LLP.

1.8 **Effective; Effective Date.** The "Effective Date" is the date on which this Agreement becomes effective, which shall mean the later of thirty (30) days following: (1) entry of final order by the Court approving this Agreement if no appeal is taken of the final approval order or (2) entry of a final order and judgment after resolving any appeals.

1.9 **Eligible Individuals.** "Eligible Individuals" shall mean all FLSA Opt-In Plaintiffs, FLSA Settlement Plaintiffs, and Qualified NYLL Class Members.

**1.10  Fairness Hearing.**  "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

**1.11  FLSA Opt-In Plaintiffs.**  "FLSA Opt-In Plaintiffs" shall mean all individuals who filed Consent to Join Forms with the Court on or before the date that this Agreement is fully executed.

**1.12  FLSA Settlement Plaintiffs.**  "FLSA Settlement Plaintiffs" shall mean all individuals: (1) who are not FLSA Opt-in Plaintiffs, (2) who endorse their settlement checks, and (3) who work or worked for Defendants as a Captain, Server, Waiter, Busser, Runner, Backwaiter, Bartender, and/or Barback between the date that is the earlier of (a) three years prior to the Fairness Hearing or (b) July 1, 2010, and the date this Agreement is executed.

**1.13  Litigation.**  "Litigation" shall mean *Pinto v. Felidia Restaurant Inc.,* Case No. 12 Civ. 3730 (PAC), pending in the United States District Court for the Southern District of New York.

**1.14  Net Settlement Fund.**  "Net Settlement Fund" ("NSF") shall mean the remainder of the Settlement Payment after deductions for court-approved attorneys' fees and costs as described in Section 3.2 and court-approved service awards to Plaintiffs as described in Section 3.2.

**1.15  NYLL Class; NYLL Class Members.**  "NYLL Class" shall mean all individuals who work or worked for Defendants as a Captain, Server, Waiter, Busser, Runner, Backwaiter, Bartender, and/or Barback from May 10, 2006 through the date that this Agreement is executed and who have not previously executed an agreement purporting to release all New York Labor Law claims against Defendants.  Any individual who timely submits an exclusion request shall not be included in the NYLL Class.  A member of the NYLL Class is a "NYLL Class Member."

**1.16  Order Granting Final Approval.**  "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing.

**1.17  Order Granting Preliminary Approval.**  "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

**1.18  Parties.**  "Parties" shall mean Plaintiffs, the NYLL Class Members, the FLSA Opt-In Plaintiffs, the FLSA Settlement Plaintiffs, and Defendants.

**1.19  Plaintiffs.**  "Plaintiffs" shall refer to Katia Pinto, Kennedy Pinto Randy Winner, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, and assigns of such individuals, as applicable and without limitation.

1.20  **Qualified NYLL Class Member.**  "Qualified NYLL Class Member" shall mean a NYLL Class Member who does not opt out in the manner prescribed in Section 2.5 of this Agreement.

1.21  **Releasees.**  "Releasees" shall mean Defendants, as defined herein, their respective affiliates and other related entities, and all of their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.22  **Settlement Fund.**  "Settlement Fund" shall refer to the total gross payment of $250,000.00 which includes all payments to the NYLL Class, FLSA Opt-In Plaintiffs, FLSA Settlement Plaintiffs, Plaintiffs for enhancement fees, claims administrators, and Class Counsel for fees and costs and for any other claim.  Other than the employer's share of payroll taxes as described in Section 3.5(C), Defendants will not be required to pay more than the Settlement Fund under this Agreement.

2.  **APPROVAL AND CLASS NOTICE**

2.1  **Preliminary Approval by the Court.** Plaintiffs will submit to the Court a Motion for an Order Preliminarily Approving the Class Action Settlement ("Preliminary Approval Motion").  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) a proposed Notice of Settlement of the Class Action Lawsuit and Fairness Hearing which is appended hereto as Exhibit A, and (b) a proposed Order Granting Preliminary Approval.  The Preliminary Approval Motion will seek the setting of dates for opt-outs, objections, and a Fairness Hearing.  Plaintiffs will provide Defendants with a draft of the Preliminary Approval Motion prior to filing and the Parties agree to meet and confer in good faith to attempt to file the Preliminary Approval Motion on consent. Consent shall not be unreasonably withheld.

2.2  **Denial of Preliminary Approval.**  If the Court denies the Motion for Preliminary Approval, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement.  Should reconsideration and/or should the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this Litigation.  In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule.

2.3  **Motion for Final Judgment, Final Approval Order, and Judgment from the Court.** No later than 7 calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.  The Fairness Hearing shall be held at the Court's convenience. The Proposed Final Order and Judgment, which will be drafted and agreed to by the Parties, will, among other things, (a) finally certify the Class for purposes of

settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all NYLL Class Members who have not timely opted out pursuant to Section 2.5, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, (f) approve this Settlement as fair, adequate, reasonable, and binding on all FLSA Opt-In Plaintiffs and FLSA Settlement Plaintiffs, and (g) incorporate the terms of this Settlement and Release.  Defendants will not oppose the application for the Final Order and Judgment.

**2.4     Class Notice**

(A)     Within 14 calendar days of the date of the Order Granting Preliminary Approval, Defendants will provide the Class Counsel with a list, in electronic form, of the Class Members' (1) names, (2) last known addresses, (3) last known telephone numbers, if available and to the extent reasonably found, (4) social security numbers, (5) dates of employment; (6) total tips paid to each NYLL Class Member between May 10, 2006 and February 28, 2011; and (7) the total hours worked by each FLSA Opt-in Plaintiff and each FLSA Settlement Plaintiff during the time periods covered in Section 3.4(B) of this Agreement.

(B)     Within 15 calendar days after receiving the information described in Section 2.4(A), Class Counsel shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") in the form appended hereto as Exhibit A to all NYLL Class Members, FLSA Opt-in Plaintiffs, and each person eligible to become an FLSA Settlement Plaintiff using each individual's last known address as recorded in Defendants' records.  Class Counsel shall take all reasonable steps to obtain the correct address of any NYLL Class Member, FLSA Opt-in Plaintiff, and each person eligible to become an FLSA Settlement Plaintiff  for whom the notice is returned by the post office as undeliverable, including using social security numbers to obtain better address information, and shall attempt re-mailings as described below.  Defendants' Counsel have the right to make inquiries and receive any information from Class Counsel related to the claims administration process.

(C)     If any Notices are returned to Class Counsel as undeliverable, Class Counsel will attempt up to two re-mailings per NYLL Class Member, FLSA Opt-in Plaintiff, and each person eligible to become an FLSA Settlement Plaintiff.  Class Counsel shall, within 10 calendar days after the first mailing of the Notice, notify Defendants' Counsel of the precise date of the end of the Opt-Out Period.

**2.5     Class Member Opt-Out.**

(A)     Any NYLL Class Member may request exclusion from the Class by "opting out." Any NYLL Class Member who chooses to do so must mail a written, signed statement to Class Counsel that he or she is opting out of the monetary portion of

the Settlement ("Opt-Out Statement"). The Opt-Out Statement must contain the name, address and telephone number of the Class Member to be valid. It must also contain the words "I elect to exclude myself from the settlement in *Pinto v. Felidia Restaurant, Inc.*" in order to be valid. To be effective, such Opt-Out Statements must also be sent via mail and postmarked by a date certain to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which will be 45 calendar days after Class Counsel mails the Notice. The 45 day period will begin to run from the first mailing. The end of the "Opt-Out Period" shall be 45 days after the first mailing of the notice. Class Counsel shall, within 10 calendar days after the last day on which it makes such a mailing, notify Defendants' Counsel of the precise date of the end of the Opt-Out Period.

(B)    Class Counsel shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Defendants' Counsel.

**2.6    Objections to Settlement.**

(A)    NYLL Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to Class Counsel by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be 45 calendar days after Class Counsel first mails the Notice. The statement must contain the name, address and telephone number of the NYLL Class Member to be valid. Class Counsel shall also file any and all objections with the Clerk of Court within seven (7) calendar days before the Fairness Hearing.

(B)    An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. Any NYLL Class Member who has requested exclusion may not submit objections to the settlement.

(C)    The Parties may file with the Court written responses to any objections no later than 7 calendar days before the Fairness Hearing.

**2.7    Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties agree to proceed as follows. The Parties jointly agree to (a) seek reconsideration of the decision denying entry of Judgment, or (b) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration is denied, or a mutually agreed-upon settlement is not approved:

(A)    The Litigation will proceed as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Defendants retain the right to contest whether this Litigation should be maintained as a class

action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action.

(B)    The Court will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by Class Counsel via First Class United States Mail, postage prepaid, to the last address used by Class Counsel in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Payment.

(A)    Defendants agree to pay $250,000, which shall resolve and satisfy: (a) court-approved attorneys' fees and costs; (b) all amounts to be paid to NYLL Class Members, FLSA Opt-in Plaintiffs, and FLSA Settlement Plaintiffs; (c) court-approved service payments to Plaintiffs; and (d) any fees associated with investing and liquidating the Settlement Payment. Other than the employer's share of payroll taxes as described in Section 3.5(C), Defendants will not be required to pay more than $250,000 under this Agreement.

(B)    In the event that Defendants do not comply with Section 3.1(A) of this Agreement, Defendants will be liable for all attorneys' fees and costs associated with their non-compliance, including but not limited to Class Counsel's attorneys' fees and costs associated with enforcing this Agreement and any additional expenses incurred by Class Counsel as a result of Defendants' non-compliance.

### 3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.

(A)    Prior to the Fairness Hearing, Class Counsel shall petition the Court for no more than one-third of the Settlement Payment as an award of attorneys' fees. In addition, Class Counsel shall also seek reimbursement of reasonable litigation costs and expenses from the Settlement Payment. Defendants will not oppose such applications. Defendants shall have no additional liability for attorneys' fees and costs, except those described in Section 3.1(B).

(B)    The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund.

### 3.3    Payments to Plaintiffs. Prior to the Fairness Hearing, Plaintiff Katia Pinto, Kennedy Pinto and Randy Winner will apply to the Court to receive $3,333.33 each from the

Settlement Fund for services rendered to the Class Members. Defendants will not oppose such application. The service awards and the requirements for obtaining such payments are separate and apart from, and in addition to, Plaintiffs' recovery from the Net Settlement Fund. The substance of the above-referenced Plaintiffs' application for service payments is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for service awards shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund.

**3.4     Distribution to Class Members.**

(A)     Notwithstanding the formulas below, no Eligible Individual will be awarded a payment that is less than $50 (before taxes are deducted). In the event that an Eligible Individual's settlement share under the calculation set forth in Section 3.4(B) is less than $50, his or her settlement share will be increased to $50, subtracted from the Settlement Fund, and all other Eligible Individuals' settlement shares will be recalculated as set forth in Section 3.4(B).

(B)     An Eligible Individual's proportionate share of the Net Settlement Payment shall be determined by Class Counsel pursuant to the formula set forth below:

    1.     **FLSA Portion-**

        i.   43% of the NSF ("the FLSA Portion") shall be attributed to FLSA damages and distributed as FLSA damages among FLSA Opt-in Plaintiffs and FLSA Settlement Plaintiffs;

        ii.  Each FLSA Settlement Plaintiff who began working at Felidia on or after March 1, 2011 shall receive $50.00.

        iii. Each FLSA Opt-in Plaintiff employee will receive one (1) point for each hour worked for Defendants between May 10, 2009 and February 28, 2011;

        iv.  Each FLSA Settlement Plaintiff will receive one (1) point for each hour worked for Defendants between the date that is the earlier of (a) three years prior to the Fairness Hearing or (b) July 1, 2010, and February 28, 2011;

        v.   The FLSA portion shall be divided by the aggregate number of points accrued by all of the FLSA Opt-in Plaintiffs and FLSA Settlement Plaintiffs ("FLSA Point Value"); and

        vi.  For each FLSA Opt-in Plaintiff and FLSA Settlement Plaintiff, the number of points accrued shall be multiplied by the FLSA Point Value to reach the individual's Individual FLSA Amount.

    2.     **Remaining Portion-**

       i. 57% of the NSF (the "Remaining Portion") shall be attributed to NYLL damages and distributed among Qualified NYLL Class Members;

      ii. Each Qualified NYLL Class Member will receive one (1) point for each dollar received in tips from employment with Defendants between May 10, 2006, and February 28, 2011;

     iii. The Remaining Portion shall be divided by the aggregate number of points accrued by all of the Qualified NYLL Class Members ("Remaining Portion Point Value"); and

     iv. For each Qualified NYLL Class Member, the number of points accrued by each Qualified NYLL Class Member shall be multiplied by the Remaining Portion Point Value.

(C) At Defendants' discretion, the parties may retain a claims administrator to issue the settlement payments and administer the tax related aspects of the settlement payments. Defendants shall notify Class Counsel prior to the Fairness Hearing if they wish to retain a claims administrator. In the event that Defendants chose to retain a claims administrator, up to $3,000 of the cost of the claims administrator will come out of the settlement fund. Defendants will bear the remaining cost.

(D) Defendants and Class Counsel shall exchange such information as is necessary for Defendants to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5.

(E) By no later than ten (10) days after this Court enters final approval of the Settlement, Class Counsel shall provide Defendants with a breakdown of all specific payments to be made under this Agreement.

(E) Within thirty (30) days after this Court enters final approval of the Settlement, Defendants shall deliver to Class Counsel all payments owed under this Agreement in accordance with the terms of the Agreement.

(F) Within seven (7) days after receiving the checks/payments from Defendants' Counsel, Class Counsel will distribute the checks to all Eligible Individuals. Class Counsel shall use reasonable efforts to make an additional mailing to Eligible Individuals whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information and, for Eligible Individuals whose payment is greater than $100, attempting to call such Eligible Individuals. Any additional efforts undertaken shall be in the sole discretion of Class Counsel.

(G) In the event that Defendants choose to retain a Claims Administrator, the Claims Administrator shall mail all settlement checks to Eligible Individuals within forty (40) calendar days from the date the Court enter final approval of the settlement. The parties agree to cooperate with the Claims Administrator to enable the Claims Administrator to make all calculations and payments within this timeframe.

(H)    Eligible Individuals will have ninety (90) calendar days after their check date to redeem their settlement payments ("Void Date"). Each initial settlement check will bear a notation providing, "you must cash this check within 90 days." The settlement checks belonging to the Eligible Individuals who do not redeem their settlement payment checks within the 90 day period will become void. If, within an additional 90 days following the Void Date, an Eligible Individual alerts Class Counsel or the Claims Administrator that he or she has not received or has not cashed his or her settlement check, Class Counsel will, upon confirming that the settlement check in question has not been redeemed will ask Defendants or the Claims Administrator to reissue that Eligible Individual's settlement check. All such reissued checks will be valid for forty-five (45) days after the date of issue and will be void thereafter. Each reissued settlement check will bear a notation providing, "you must cash this check within 45 days." All checks and settlement funds remain the property of Defendants until the checks are actually cashed. Defendants shall not be required to make any payment to any Eligible Individual who fails to cash his or her settlement check or request a reissued settlement check within the time frames set forth in this Section.

(I)    All payments to Eligible Individuals made pursuant to this Agreement shall be deemed to be paid to such Eligible Individuals solely in the year in which such payments actually are cut and mailed to the Eligible Individuals. It is expressly understood and agreed that the receipt of such payments will not entitle any Eligible Individual to additional compensation or benefits under any of Defendants' bonus, contest or other compensation or benefit plans or agreements in place.

**3.5    Taxability of Settlement Payments.**

(A)    For tax purposes, 100% of the payments to Eligible Individuals pursuant to Section 3.4 shall be treated as back wages.

(B)    Payments treated as back wages pursuant to Section 3.5(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding. Class Counsel will receive a Form 1099 for this payment. Any enhancement awards pursuant to Section 3.3 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

Each Eligible Individual will be sent a blank IRS Form W-4 with the Notice and given the opportunity to provide the Parties with a completed IRS Form W-4 to be used in calculating the withholdings from his or her settlement check. Withholdings for any Eligible Individual who does not provide the Parties with a completed IRS Form W-4 no later than twenty (20) days after the Fairness

Hearing will be calculated as if such Eligible Employee were single (regardless of actual marital status), as if such Eligible Individuals had elected zero exemptions, and as if such Eligible Individual were a resident of New York City

(C)     Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.5(A). Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Payment, and shall not be paid out of the Settlement Payment.  The employee portion of all applicable payroll taxes shall not be Defendants' responsibility.

(D)     Plaintiffs, on behalf of the Class and each individual member of the Class and each FLSA Settlement Plaintiff and each FLSA Opt-In Plaintiff, acknowledge and agree that each individual Qualified NYLL Class Member, FLSA Settlement Plaintiff, and FLSA Opt-In Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 3.5(C)). Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice from Defendants, or Defendants' Counsel as to the taxability of the payments received pursuant to this Agreement.

### 3.6    Release

(A)     **Release of Claims.**  Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, each Qualified NYLL Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges all Releasees from any New York Labor Law claims or claims pursuant to the New York Code of Rules and Regulations for unpaid wages, tips, overtime pay, failure to maintain and furnish employees with proper wage records and all other wage and hour claims that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement, including all interest, liquidated damages, and attorneys' fees and costs related to such claims.

Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, each FLSA Opt-In Plaintiff forever and fully releases and discharges all Releasees from all FLSA claims for unpaid minimum wages, overtime wages, tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement.

Upon endorsing his or her settlement check, each FLSA Settlement Plaintiff forever and fully releases and discharges all Releasees from all FLSA claims for unpaid minimum wages, overtime wages, tips, liquidated damages, and attorneys'

fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement.

(B) **Release of Fees and Costs for Settled Matters.** Class Counsel and Plaintiffs, on behalf of the Class Members and each individual Qualified NYLL Class Member, each FLSA Opt-In Plaintiffs, and each FLSA Settlement Plaintiff, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class in this litigation, except that Class Counsel and Plaintiffs do not release, acquit, and/or discharge attorneys' fees or costs to which they may be entitled under Section 3.1(B) of this Agreement.

(C) **No Assignment.** Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(D) **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**3.7   Miscellaneous**

(A) **Cooperation Among the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B)   **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)   **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

(D)   **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E)   **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F)   **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G)   **Blue Penciling.** Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, any such provision shall be amended or modified by such court to the extent necessary to render the provision enforceable, and the remaining portions of this Agreement will remain in full force and effect.

(H)   **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(I)   **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder, except that the Court shall have jurisdiction to award attorneys' fees and costs in accordance with Section 3.1(B) of this Agreement.

(J)   **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's

approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(K)   **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument. The failure of one or more Plaintiff to sign this Agreement does not affect its enforceability.

(L)   **Facsimile/Electronic Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**CLASS COUNSEL:**
DATED: __May 7__, 2013        JOSEPH & KIRSCHENBAUM LLP

By:     D. Maimon Kirschenbaum

Denise A. Schulman
233 Broadway, 5th Floor
New York, New York 10017
(212) 688-5640

*Attorneys for Plaintiffs and the Settlement Class*

**PLAINTIFFS**
DATED: _____, 2013

By:     Katia Pinto

DATED: _____, 2013

By:   Kennedy Pinto

DATED: _____, 2013

By:   Randy Winner

**DEFENDANT**
DATED: _____, 2013

FOR FELIDIA RESTAURANT, INC.

By:   Lidia Bastianich

**DEFENDANT**
DATED: _____, 2013

By:   Lidia Bastianich

DATED: _____, 2013                    By:    Kennedy Pinto
                                             _____

DATED: MayS, 2013                             _____
                                        By:    Randy Winner


**DEFENDANT**
DATED: _____, 2013                    FOR FELIDIA RESTAURANT, INC.

                                             _____
                                        By:    Lidia Bastianich


**DEFENDANT**
DATED: _____, 2013                         _____
                                        By:    Lidia Bastianich

DATED: _____, 2013

By:    Kennedy Pinto

DATED: _____, 2013

By:    Randy Winner

**DEFENDANT**
DATED: _____, 2013

FOR FELIDIA RESTAURANT, INC.

By:    Lidia Bastianich

**DEFENDANT**
DATED: _____, 2013

By:    Lidia Bastianich

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**KENNEDY PINTO, KATIA PINTO, and**
**RANDY WINNER on behalf of themselves**
**and other similarly situated,**

                                                            **Index No. 12 Civ. 3730**

                        **Plaintiffs,**

        **v.**

**FELIDIA RESTAURANT, INC. and LIDIA**
**BASTIANICH**

                        **Defendants.**
------------------------------------------------------------x


## NOTICE OF CLASS ACTION LAWSUIT SETTLEMENT AND FAIRNESS HEARING

**TO:    ALL PERSONS EMPLOYED AS A CAPTAIN, SERVER, WAITER, BUSSER,**
**RUNNER, BACKWAITER, BARTENDER, AND/OR BARBACK AT FELIDIA**
**RESTAURANT FROM MAY 10, 2006 THROUGH [DATE OF EXECUTION]**

Based on information in the records of Felidia Restaurant, you were employed by Felidia as a captain, server, waiter, busser, runner, backwaiter, bartender, and/or barback between May 10, 2006 and [DATE OF EXECUTION] and are entitled to participate in the proposed $250,000 settlement (the "Settlement") of the case captioned *Pinto v. Felidia Restaurant, Inc.*, No. 12 Civ. 3730 (S.D.N.Y.) (the "Lawsuit").

**PLEASE READ THIS NOTICE CAREFULLY.**  It contains important information about your rights concerning the Settlement.  If the Settlement is approved by the Court, you will be bound by its terms.

1.    **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you were employed by Felidia.  The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

2.    **WHAT IS THIS CASE ABOUT?**

The Lawsuit alleges that the Defendants violated New York law by unlawfully misappropriating a portion of employees' tips amounting to 5% of each shift's wine sales; (2) unlawfully misappropriating a portion of tips paid by private dining customers;

and (3) failing to pay tipped employees "spread of hours" premium pay when their workdays lasted more than ten hours.

The Lawsuit also alleges that the Defendants violated the federal Fair Labor Standards Act ("FLSA") by improperly taking a "tip credit" and paying tipped employees less than the required federal minimum wage and overtime rates.

Felidia Restaurant, Inc. and Lidia Bastianich (collectively, "Defendants") deny these allegations and believe that tipped employees received all monies to which they were entitled.  To avoid the burden, expense, and uncertainty of continuing litigation, the Parties agreed to this Settlement.  By agreeing to this Settlement, Defendants have not admitted or conceded and do not admit or concede any wrongdoing or liability.

3. **WHAT IF I PREVIOUSLY SIGNED A RELEASE AND RECEIVED MONEY FROM FELIDIA?**

If you previously signed a release and received money from Defendants in a purported settlement of your New York claims, you may still be eligible to participate in this settlement and receive money based on your FLSA claims.  If you previously signed a release, you are eligible to participate in this settlement if you worked at Felidia in an eligible position between [EARLIER OF 7/1/10 AND THREE YEARS BEFORE FAIRNESS HEARING DATE] and [DATE OF EXECUTION].  You will not receive any money under this Settlement for your New York claims if you previously signed a release and received money from Defendants.

4. **WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?**

The Parties have agreed to settle this matter for the total sum of two hundred fifty thousand dollars and no cents ($250,000.00).

Settlement of this Lawsuit is not to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.  The Parties have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

5. **HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?**

If the Settlement is given final approval by the Court, Defendants will pay a total of $250,000.00 in settlement funds (excluding the employers' share of withholding taxes). If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $250,000.00 prior to distribution of the settlement funds to Class Members:

- Attorneys' Fees and Costs: Class Counsel will apply to the Court for attorneys' fees of one-third of the Settlement Fund and recovery of costs.  This amount will be requested pursuant to the named Plaintiffs' professional services agreement

and as set forth in the previous Court-approved Notice of Lawsuit that was mailed to potential FLSA Plaintiffs.

- The named Plaintiffs in the Lawsuit – Kennedy Pinto, Katia Pinto, and Randy Winner – will each apply to the Court for an additional "service award" of $3,333.33 in recognition for services performed for the Class.

If the Court approves these payments, after these deductions, the remaining Settlement Fund (the "Net Settlement Fund") will be distributed according to the method set forth below.  In no event will any Class Member receive less than $50.  If you began working at Felidia on or after March 1, 2011, you will receive $50.

- **FLSA portion of the Settlement**

43% of the total Net Settlement Fund (the "FLSA Portion") will be attributed to FLSA damages and distributed as follows:

  o Each person who began working at Felidia after March 1, 2011 will receive $50.

  o If you previously submitted a Consent to Sue form, you will receive one (1) point for every hour worked for Defendants between May 10, 2009 and February 28, 2011.

  o If you did not previously submit a Consent to Sue form, you will receive one (1) point for every hour worked for Defendants between [EARLIER OF 7/1/10 AND THREE YEARS BEFORE FAIRNESS HEARING] and February 28, 2011.

  o The FLSA Potion will be divided by eligible individuals' total points to determine the FLSA Point Value.

  o Each eligible individual's points will be multiplied by the FLSA Point Value to determine his or her share of the FLSA Portion.

- **New York law portion of the Settlement**

57% of the total Net Settlement Fund (the "Remaining Portion") will be attributed to damages for New York claims and distributed to eligible individuals who did not previously sign a release and receive payment from Defendants ("NYLL Class Members") on a pro rata basis according to the tips each NYLL Class Member received between May 10, 2006 and February 28, 2011.  If you previously signed a release and received payment from Defendants, you are not entitled to any part of the Remaining Portion.

You will have ninety (90) calendar days after the date your settlement check is issued to cash your settlement check.  If you lose or do not receive your settlement check, you must request a replacement check within 180 days of the original check's issue date. Requests for replacement checks after 180 days of the original check's issue date will not be honored.

**6.    HOW MUCH WILL MY PAYMENT BE?**

Based on the formula in the settlement agreement, you will be entitled to receive approximately $ _____.

**7.    WHY DID I RECEIVE AN IRS FORM W-4?**

You have been provided with a blank IRS Form W-4 along with this notice.  If you return your completed IRS Form W-4 to Class Counsel no later than [20 DAYS AFTER FAIRNESS HEARING], all applicable withholding taxes for your share of the settlement will be calculated based on the IRS Form W-4 you provide.  If you do not return your completed IRS Form W-4 to Class Counsel by [20 DAYS AFTER FAIRNESS HEARING], your withholding taxes will be calculated as if you were single, as if you had elected zero exemptions, and as if you were a resident of New York City.  You should return your completed W-4 by mail, e-mail, or fax to:

Joseph & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY 10279
denise@jhllp.com
Fax: 212-688-2548

A return envelope has been enclosed for your convenience.

**8.    WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?**

If you are a NYLL Class Member, by operation of the entry of the Judgment and Final Approval, you will forever and fully release Defendants from any and all claims based on or under the New York Labor Law, the New York Code of Rules and Regulations, and any New York State Wage Order, including but not limited to, the Wage Order for the Hospitality Industry, arising out of or relating to work performed at or for Felidia Restaurant that were or could have been asserted in this Lawsuit, whether known or unknown, through the date of preliminary approval of this Agreement, including but not limited to, all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

If you previously submitted a Consent to Join Form, by operation of the entry of the Judgment and Final Approval you will also fully release Defendants from all FLSA claims that were or could have been asserted in the Lawsuit, including but not limited to all claims for damages, interest, liquidated damages, and attorneys' fees and costs related

to such claims.

If you did not previously submit a Consent to Join Form, upon endorsing your settlement check you will also fully release Defendants from all FLSA claims that were or could have been asserted in the Lawsuit, including but not limited to all claims for damages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

**9.      HOW CAN I RECEIVE A SHARE OF THE SETTLEMENT?**

If you are eligible to receive payment under this Settlement and do not opt-out of this Settlement, you will recover your share of the Settlement Fund.  You do not need to take any action in order to receive your share of the Settlement Fund.  However, if your address changes before you receive your settlement check, please contact Joseph & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279, Tel: 212-688-5640, Fax: 212-981-9587, denise@jhllp.com, to update your mailing address.

**10.     HOW DO I OPT OUT OF THE SETTLEMENT CLASS?**

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement, or if you want the right to pursue your own lawsuit.  To opt-out of the Settlement Agreement you must do so by _____.  If you do not opt out, you will be bound by the terms of the Settlement Agreement.  To opt out, you must mail a letter which specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN PINTO V. FELIDIA RESTAURANT, INC.," postmarked no later than _____.  You must include your name and address in the letter.  If you choose to opt out, send your letter to:

Joseph & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY 10279

**11.     WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?**

If you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing.  You are not required to submit an objection.  Written objections must be mailed to Joseph & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279 and postmarked by _____.

Written objections must contain your name, address, and telephone number, must be signed by you, and must state, "I OBJECT TO THE SETTLEMENT IN PINTO V. FELIDIA RESTAURANT, INC." If you object to the settlement and intend to appear at the Fairness Hearing, you must include with your written objection an explanation of the basis for the objection and a statement that you intend to appear and be heard at the Fairness Hearing.

If you do not comply with the foregoing procedures and deadlines for submitting written

comments or appearing at the hearing, you will not be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.

The Parties may file with the Court written responses to any filed objections.

12.   **WHEN IS THE FAIRNESS HEARING?**

A hearing before the Honorable Paul A. Crotty will be held on _____ at _____ at the United State District Court, Southern District of New York, 500 Pearl Street, Courtroom _____, New York, NY 10007 (the "Fairness Hearing"). The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court. The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

13.   **HOW CAN I EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007.

14.   **WHAT IF I HAVE ADDITIONAL QUESTIONS?**

If you have additional questions about this Notice or want more information, you can contact Class Counsel D. Maimon Kirschenbaum or Denise A. Schulman at Joseph & Kirschenbaum LLP, 233 Broadway, 5th Floor, New York, NY 10279, 212-688-5640, denise@jhllp.com.